929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Neill STRICKLAND, Defendant-Appellant.
 No. 90-5611.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1991.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-89-24)
 Edwin C. Walker, Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret P. Currin, United States Attorney, John S. Bruce, First Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Lloyd Neill Strickland pled guilty to one count of an indictment charging thirteen counts of using the mail in a murder-for-hire scheme and one count of attempted murder of a federal agent. Strickland had attempted to hire a hit man to kill his wife, a state prosecutor, and two law enforcement agents. During his sentencing, the district court determined that Strickland's criminal history category did not adequately reflect the seriousness of his past criminal conduct or likelihood of future criminal acts and departed upward from category IV to category V. We affirm.
 
 
 2
 Section 4A1.3 of the Sentencing Guidelines authorizes an upward departure from the otherwise applicable guideline range if a defendant's criminal history category does not adequately reflect his past criminal conduct. Therefore, under United States v. Summers, 893 F.2d 63 (4th Cir.1990), the only issues for review in these situations are whether the criminal history category was indeed inadequate and the extent of the departure.[1]
 
 
 3
 In determining that the criminal history was inadequate, the district court considered the following: (1) at the time he committed the current offense, Strickland was awaiting trial on a prior charge of soliciting the murder of his wife, (2) Strickland's ten prior state drug offenses had been consolidated for sentencing, so that he received only three criminal history points for all of them, and (3) multiple victims were targeted in this offense. The district court noted that, had the pending trial been completed before Strickland began the current offense, he would have been a career offender. Strickland argues that it was improper for the district court to consider this fact because he did not actually qualify as a career offender. However, Sec. 4A1.3(d) specifies that the sentencing court may consider whether a defendant was awaiting trial on another offense at the time he committed the current offense.
 
 
 4
 Strickland also argues that the prior drug offenses consolidated for trial are not a reason for departure because the fifteen year sentence he received on those charges was not especially lenient. Whatever the sentence, Strickland received only three criminal history points for these offenses. The guidelines identify prior consolidated sentences as a possible basis for departure both in Sec. 4A1.3 and in Sec. 4A1.2, comment. (n. 3). The decision to depart was not, therefore, clearly erroneous.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 On appeal, Strickland has not challenged the propriety of the extent of the departure